Good afternoon, Illinois Appellate Court First District. Court is now in session. The Sixth Division, the Honorable Justice Aurelia Puczynski presiding, case number 24-0088, People v. Tyrone Brewer Jr. Good afternoon, Justice Aurelia Puczynski, and with me are my colleagues, Justice Michael Hyman and Justice Celia Gamrath. I would like to just point out that we have read everything. We've the cases, we've read the record, so you don't have to spend too much time on that. And we always advise the attorneys to start with your best point and work your way down, but start at the best argument you can make and give it the most time that you can. We generally give people, you know, five to ten minutes for their arguments, and of course, the appellant can reserve some time for rebuttal. So with that, we'd like to hear from the appellant, please. Good afternoon, Your Honors. Counsel, may it please the court, I'd like to reserve two minutes for rebuttal. All right. As this court is aware, in a 2021 decision, it previously found that Tyrone Brewer had made the requisite showing of cause and prejudice to bring a proportionate penalties clause challenge to his sentence. It found cause in part because the neurological science that serves as the factual basis for his proportionate penalties clause claim was previously unavailable to him. This court remanded for further development. However, as I will discuss, Brewer never actually got the opportunity to develop that claim, either due to the circuit court erroneously dismissing the petition at the second stage or due to post-conviction counsel's unreasonable assistance. Staring to the first issue, when this court remanded Brewer's case for second stage post-conviction proceedings, it acknowledged two bases for cause, both the law and the neurological science that serve as the basis for the claim were previously unavailable. On remand, in its motion to dismiss, the state attacked only the legal basis for cause that this court found. It never attacked this court's additional finding that there was a separate factual basis for establishing cause in this case. It is well established that cause can be either the legal or factual basis for the claim was not reasonably available. Notably, the state did not challenge this court's 2021 finding, either through a petition for rehearing or a petition for legal appeal, did not challenge this court's finding that there was a factual basis for cause in its motion to dismiss. How are we supposed to deal with Clark and Dorsey? Pardon me, your honor? How do we deal with Clark and Dorsey? Well, Clark and Dorsey addressed only the question of whether Miller provides a new legal basis for cause that was previously unavailable. Neither of those decisions address whether the science can separately constitute a factual basis. Where is the science that you provided below? In Mr. Brewer's petition, he cited four separate articles. But it wasn't the article that you cited that you attached to your appeal in the appendix. Pardon me, your honor? You cited an article in your appendix? Yes. Before us? That article wasn't before the... No, your honor. That was cited solely to illustrate for this court that, in fact, its original finding in 2021 was not palpably erroneous. So it's not the sort of thing that would excuse... Well, we can't take... I mean, how can we take account... That goes to the issues here. You're saying there's some new evidence, right? Something new. And it seems that all of this was available at the time, even though Miller hadn't been decided yet. There's absolutely no evidence that the articles that Mr. Brewer... No, no. I'm not saying the articles, but where below did you tie up, link up Mr. Brewer to what the articles are saying? Well, I think there's two responses to that, your honor. First is that the petition pled that Mr. Brewer's brain was like a juvenile. And in its motion to dismiss, state did not argue that he had insufficiently pled that those facts were tied to him. Taking this as true, and in light of the state's motion to dismiss where the state did not argue, it is insufficiently pled that the brain sciences petition applied to him under the standards of law of the case, the law appropriate to second stage proceedings, and in light of the state's motion to dismiss not challenging the fact that he had sufficiently pled those facts, we take those facts as true for purposes of the pleadings and state has removed any question about that by not responding to it. And it should be determined at an evidentiary hearing. How can that be a law of the case? The Supreme Court has come out with, changed the law between our decision and today, and we have to follow the Supreme Court. Agreed, your honor. But I would point out that Dorsey, Clark, and Moore do not discuss factual basis for cause. They're only concerned with whether Moore provided a legal basis. Is that in your brief? Is that in your brief? It is, your honor. Which, it's not in your reply. I'm speaking about the fact that the court found two separate bases for cause. No, about Clark, did you discuss Clark and Dorsey? We argued in our brief that those cases don't speak to the factual finding, that the state only argued there was no legal basis for cause anymore, and the state did not address the separate finding, which is simply not part of Dorsey, Clark, or Moore. But does the state need to because they won? So, if you have six bases for a motion to dismiss, you can raise them together. You can raise them at different times. They went with what they thought was their strongest, and they won. So now you want us to take from that, that they conceded that you have a factual basis? No, I would ask the court to find that the court erred in granting the petition on the pleadings, in part because none of the parties addressed this court's prior ruling. That again, was not part of Clark or Moore or Dorsey. This court found two separate bases of cause. The state's motion only addressed one. The state never appealed that finding. So basically, that becomes law of the case for this appeal. So what did you do with the trial court to say, wait, that's fine if they want to argue no legal, but we still have that factual basis. You shouldn't dismiss. Did I miss that? It was that raised below. Yeah, it was not. No. I mean, I think this court can certainly find that in the response to the state's motion. I will see if I can find this here. The PC council did argue that the state is asking this court to re-litigate the cause and prejudice test. He doesn't define his law in the case, doesn't point out this factual legal basis for cause, which is obviously well-established law, that these are two separate parts of cause. I do think that it could have been a clear argument, but of course, the state hasn't asked this court to overrule its prior decision about the factual basis of cause. So in responding to the state's motion, I mean, he doesn't have the opportunity to do that where it hasn't been raised. So you're saying that the law of the case survives the factual cause? Am I following that? Absolutely. I don't think the term factual cause appears anywhere in more. I don't think the term brain science appears anywhere in more. It's only concerned with whether the new substantive rule of Miller can provide a legal basis for cause. Okay. And what authority do you have that has survived the intervening Supreme Court precedent? Well, I guess just to the point that the court has always made clear that these are viable claims, even after more. Emerging adults can raise enforcement penalties clause claims on an as-applied basis. We have to look at the specific facts of each individual case. The court has been very clear it is avoiding categorical rules. So we have to look at specifically what was pled, what was presented at sentencing, what was in the first petition, what is in this petition, this court's prior decision. All of these are relevant to this case. And each case, of course, is going to have separate sets of facts. So I think that the best argument for that would just be that Dorsey, Clark, and Moore don't speak to factual basis. They weren't asked to rule on that. So we do not have a ruling that says you cannot, you know, go forward with this sort of claim if you can show by citing 2015 articles that for the first time you're aware that your brain development might be like that of a juvenile. And like I pointed out, this court recognized that in its original decision, and the state has never challenged it. So if I accept what you're saying, it's correct. How do you tie it up? Where is the tie-up? Because the case law says you need to be specific. You can't just attach a bunch of articles and say, this is me too. You have to show the defendant's brain had these characteristics that put him into this category. Certainly, Your Honor. And here we have, you know, an allegation that from Mr. Brewer that his brain is like that of a juvenile. And he doesn't go much more into it than that. But part of that is, I believe, based on counsel's unreasonable performance. If this court finds that by alleging that his brain was like a juvenile and showing evidence by attaching this petition, evidence of his rehabilitation in prison, if that's not enough and further development was required at the pleading stage, rather than at an evidentiary hearing, the record shows that counsel performed unreasonably by failing to do that because he did not appear to understand that that should be happening at the second stage of proceedings. So, the record really rebuts post-conviction counsel's compliance with 651C in this case, where his most, his amended petition argues that he has evidence about some mental deficiencies on Mr. Brewer's behalf and evidence of his immaturity that should be hashed out of the sentencing hearing. So, where the record indicates that counsel had a belief he had evidence to he performed unreasonably and ignored this court's mandate that the entire point of the remand was to further develop the claim. So, I would, unless this court has any more questions, I would just save my time for rebuttal and argue that this court correctly found in its prior decision that cause exists where there's new science that was not available to Mr. Brewer. The state did not attack that and either on re-hearing or the action related to appeal or in its motion in the circuit court. So, taking those factual allegations is true, the science that science supports his brain was like a juvenile and where the state did not argue that that was inadequately pled, this court should either advance the petition for an evidentiary hearing or alternatively it should remand for further second stage proceedings where counsel is ineffective for failing to understand what was needed. Again, it doesn't sound like you're followed with Harris and Thompson, what we have to follow, which is how the evolving science on juvenile maturity and brain developments that helped form the basis for the Miller decision applies to this specific factual and facts and circumstances. I agree that counsel should have a lot more with this petition and that is why we are asking obviously alternatively for further remand due to counsel's performance. Any other questions? So, your ineffectiveness of counsel, is that your best argument or are you saying something else is your best argument? I mean, I would agree that I think there's no question in this case that counsel performed reasonably and at the very least it should go back for another round of second stage proceedings. I only bring up the substantial argument one because we do have to view this petition in light of the prior proceedings in this case and in light of what the state argued below, but I do agree that there's no question that counsel performed deficiently here. Well, I think there is some question. I think the other side has been questioning. So, what would you say to that? That there's question as to his performance? Well, that he didn't have to. What he did was sufficient representation. Well, I mean, several of your justices have questioned how has Mr. Brewer tied this science to himself and that was what this court remanded for was further development to the record. So, if it was necessary to further develop the record at the pleading stage to show how this applied to him, counsel should have done that and not said, I'm going to present this at the sentencing hearing basically, which is what his petition argues here. Anything else? Justice Hyman? Justice Gamera? Hearing none. Thank you, Ms. Bowser. Mr. Iskowicz? Good afternoon, your honors. May it please the court. David Iskowicz with the Cook County State's Attorney's Office for the People. This case is most efficiently and must be resolved on a straightforward application of the cause prom with the cause and prejudice test for this successive post-conviction petition. I need to, at the threshold here, I need to correct what appears to be defendant's misunderstanding or misinterpretation of this court's decision in the prior successive PC appeal. This court reversed after finding cause solely on the basis that in its view at that time, which is subsequently changed direction by the Illinois Supreme Court, that the unavailability of the cases that extended the principles from Miller to young adults in the proportionate penalties arena did provide the sufficient level of cause to allow the petition to advance along with the showing of prejudice. At no time did this court find that there was an factual basis that prevented this petitioner from raising the claim earlier. And the court's relevant discussion with respect to cause comes at paragraphs 22 to 26. It rests solely upon the unavailable legal groundwork for this kind of claim to be brought in the initial PC proceeding. This court did discuss the facts underlying some of Mr. Brewer's claims and that came later. However, in defendant's brief, I believe he cites paragraphs 44 and 53 for the proposition that this court found cause based upon the unavailable factual basis. That discussion though is an entirely different section dedicated to an analysis of the prejudice prong of the cause and prejudice analysis. So on remand, defendant's characterization of the state having somehow waived or forfeited this argument on remand is not supported by the record or this court's prior opinion, which was very clear that the only basis on which cause was found was the unavailability of Miller and the extension of those principles to young adults. The defendant in his opening brief did acknowledge that Clark Dorsey and those cases do foreclose the argument that there's no cause for his failure to raise the claim on the initial post-conviction petition. The unavailable factual basis, however, is another argument that this court and other appellate court districts have rejected after researching the issue and concluding that the developmental and intellectual distinctions between juveniles, young adults, and adults have been recognized and acknowledged by the social sciences and by the state's jurisprudence stretching back generations. One of the cases that courts have cited, including our Illinois Supreme Court, is the Bradley case from 1894, which long ago recognized that young adults are different than juveniles and they're different than full-grown adults. To the extent that the emerging social sciences might provide some helpful support for this kind of claim, that's exactly how our courts have characterized it, some helpful support. Some helpful support for a pre-existing claim that could have been raised on initial post-conviction review does not satisfy the cause requirement. Well, can't new science, if it's new science, I don't think they had the science back in 1890s at all, or the types of testing that they have today. Couldn't new science be cause? I don't think so, your honor. And I think because the facts, the fact, the relevant fact here that was at defendant's disposal early on was his age, 18 years old, and three months, I believe. That young age, notwithstanding the emergence of more studies in biology and social sciences, has always been recognized in Illinois as a mitigating factor for sentencing, for charging, for imprisonment, for reform school, etc. So the fact that there are new studies forthcoming, and there will always be new studies forthcoming, regarding intellectual development among juveniles and young adults, and adults for that matter, whether it's mental health, or impulsiveness, or lack of attention, or substance abuse, that does not provide the requisite cause because the unavailability of those additional studies did not prevent this defendant from arguing back in 2014 that his young age mitigated his punishment. And as a matter of fact, he did raise that very claim on direct appeal. He raised a proportion. You know, before Miller, these claims weren't even considered, right? I mean, for a juvenile, for a juvenile. Well, your honor, I respectfully disagree. If the court would take a look at the appendix to our brief, the defendant cited in his direct appeal three cases pre-Miller, and this was back in the early 2000s, that cited for the favorable proposition that a young adult's age is mitigating, and he cited three cases in which this court actually reduced the sentence on appeal. Appellate court, though. Yes, your honor. There wasn't a United States Supreme Court decision that applied nationwide, nor was there an Illinois Supreme Court decision. Yes, actually, the Illinois Appellate Court decision, one of the ones you're referring to, preceded Miller, and maybe the Supreme Court saw it and adopted it. The U.S. Supreme Court. But that's not what I'm saying. I mean, Miller, you can't be saying that Miller didn't change the way these cases proceed. I mean, it's been a watershed moment, and there's been several other cases that followed it. So, that can't be denied. So what, you know, he's kind of in a catch-22. It seems that he's being treated differently than others because of when the crime was committed and other factors. He's in this situation that things don't apply to him that apply to others who are similarly in age. Of course, there are other cases, and you cite several cases, where people in the 18 to 21 age group have lost and been sentenced to anything from, I don't know, 40 to 50 years, I think 55 years. Here, we have an 80-year sentence, which is pretty severe. And he's been, you know, as a prisoner, he's been apparently well-behaved and received accommodations. So, uh, what you're saying is there's nothing he can do? I mean, where is he now? I mean, is there anything he, from the state's point of view, this man is out of luck to do anything to receive a reconsideration of his sentence? That's your position? Under the precedent we have today, yes, your honor. He can always seek executive clemency. That's always an option. As I stand here, I'm not exactly sure how that process would work, but that is obviously open for him. And just to clarify, your honor, I didn't mean to say that Miller was not a significant case. It was. No, but you were saying that there were cases before, and yes, I mean, but that doesn't mean the law, they didn't change the law until Miller was the right watershed event. I think it might be more, I think it might, just to be a bit more precise, from my view, I think Miller is a watershed case for juvenile offenders, okay? Absolutely. This is not a juvenile offender. Subsequent case law by our state Supreme Court extended those principles and said, yeah, in some cases, if you're between the ages of 18 and 20, you might be able to invoke some of these principles because we're kind of, you know, we've always understood since the 1890s that young adults are, you know, we all know young adults. I know them and they lack certain judgment and they need guidance. And we've always known that as a fact of our, in our society. So I think, and to respond to your concern, your honor, about the lack of a remedy. So I was going to, you already brought that around. I brought that up with executive clemency. Also the defendant here hasn't raised an equal protection challenge, and I'm not saying that wouldn't be risable in some other litigation. I don't know, some civil litigation perhaps, but right now the law forecloses his claim on cause. And just to dovetail this with the unreasonable assistance argument, if this court finds that there's no cause under the prevailing standards, whether it's a legal cause or factual cause, that would be the need to review his unreasonable assistance claim for failure to append more documentation. But it would leave open his claim that counsel was unreasonable for failing to allege appellate and trial counsel's ineffectiveness to overcome the procedural bar that applies on post-conviction petition. The problem with that argument though, is that the procedural bar here invoked by the state falls under section 122.3, I believe the post-conviction hearing act, the failure to raise a claim in the original or amended petition constitutes a waiver or forfeiture or procedural default, however you want to characterize it. And there's no way that an ineffective assistance of trial or appellate counsel claim would be responsive to that kind of default, because it was petitioner who was proceeding pro se in that initial petition that failed to raise the claim in the timely manners required by the statute. So if this court does along the cause course, find there is no cause, it need not address counsel's performance except to the extent that defendant has argued that counsel fumbled the ball with respect to cause by failing to allege trial and appellate counsel's assistance. If the court has no further questions for the reasons addressed in our brief, we ask that the court affirm the judgment below. Any other questions, Justice Simon? Yes. The defendant cited Guy. Yes. Yes. I'd like to give you an opportunity to respond. Of course. Thank you. Thank you. And I should have, I should have wrapped, I should have. Wow. That's okay. I'm glad you brought it. It was in my notes though. I'm glad. I'm glad. So in people versus Guy, the defendant alleged that, but if I recall correctly, the claim at issue was a jury instruction claim, an organized jury instruction claim. And throughout the proceedings, and this is a successive petition as well, the state had argued that that claim was foreclosed as a matter of law because the defendant's attorney acquiesced to the instruction at trial or invited error, however you want to define that. And so throughout the proceedings, the state had asserted that I wouldn't call it necessarily a procedural bar, but it's a defense. On successive post-conviction review, counsel raised that same claim again, but it was again barred. Now the owner of Supreme Court said that under these circumstances, alleging that counsel was ineffective for acquiescing and that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness on direct appeal would have salvaged that claim and avoided that bar, the acquiescence bar. So in that case, alleging ineffective assistance would have been directly responsive to the state's claim bar of acquiescence. Here in contrast, the trial and appellate counsel claim is not at all responsive to the type of forfeiture we're alleging here, which falls under 122.3. There's nothing that trial or appellate counsel could have done to remedy the failure by defendant acting pro se to raise the claim on initial post-conviction review. And that's how we distinguish Guy. Thank you. Mrs. Gamreth. Okay. Hearing none, we'll go to Ms. Bowser for rebuttal. Make a couple of points on rebuttal. One is I think the state and I are, we're talking past each other because the state takes the position that this claim is just about whether Mr. Brewer's age is enough. And this isn't simply a garden variety sentencing claim about whether the court didn't adequately consider the mitigating factor view. Proportionate penalties clause claims for emerging adults are claims that new brain science lies to that individual such that posing a sentence without considering how his age and youth attendance circumstances is also a disproportionate sentence. So these are the claim of just what his age considers a separate claim and whether his brain was sufficiently like that of a juvenile, such that we sentence us. The science underlying Miller means that his youth and those things should be considered prior to sentencing. And the state argued that this court didn't find a separate factual basis in its previous order, but this court's order specifically states he made a prima facie showing of cause by showing that the law and the neurological science that serves as the basis for his claim was previously unavailable. The law and the neurological science, which is a guy, would point out that the states because the court there found that it was that it was appropriate to excuse several layers of counsels and effectiveness where they framed the claim wrong. And so here, this is obviously a third alternative argument. If this court finds that the exact science that Mr. Brewer relied on could have been raised earlier as brain science rather than just excessive sentence, then it should find that all of those attorneys, much like the court framed the claim wrong. And yes, if that doesn't speak to what Mr. Brewer did in his initial petition, but the state is basically arguing that a pro se petitioner should know that his trial attorney and his appellate attorney raised the issue as excessive sentence, but they should have also put brain science. So I don't think the court and guy is really speaking to we're going to hold petitioners as such strict standards when all of their attorneys presented the claim wrong. And again, that only is relevant to this court finds that this exact science that we are relying on now always existed. It always could have been presented. So if this court has no further questions, we would ask this court to find that its finding of cause was correct. That was not a basis to dismiss the petition. So there's new factual basis based on science. And alternatively, that his counsel was not effective for not amending the petition to further plead these facts as they applied to him. Thank you. Thank you both for your excellent presentations today. This oral argument has been very interesting and thank you for your excellent briefing. With that, I'll tell you that we'll take this case under advisement and an order or an opinion will be issued forthwith and this court is adjourned. Thank you.